Dear Mayor Abrusley:
We are in receipt of your request for an Attorney General's Opinion on the reopening and rescheduling of an election when a candidate dies after the close of qualifying, but prior to the election, and another candidate qualifies for the election. You seek our opinion on the reasoning behind this law [R.S. 18:469] for postponing the primary election until the general election in November.
It is our opinion that the law is clear. R.S. 18:469 provides:
 A. When a person who qualified as a candidate and has opposition in a primary election for a public office dies after the close of the qualifying period and before the time for closing the polls on the day of the primary election, the qualifying period for candidates in the primary election for that office shall reopen for candidates on the day after the death and shall close at 5:00 p.m. on the third day after the death The name of the deceased candidate shall not be printed on the primary election ballot. If the primary election ballot was printed with the deceased candidate's name on it, any votes received by the deceased candidate shall be void and shall not be counted for any purpose whatsoever.
 * * *
 C. Whenever the qualifying period is reopened as required by Subsections A or B hereof, the clerk of court shall cause notice of the reopening, listing the dates and times the period shall run, to be posted in a prominent place
 D. Effect on primary election. (1) If the qualifying period for candidates reopens within thirty days before a primary election, all the votes cast in the primary election for that public office are void, unless the qualifying period for the office reopened and closed without additional candidates qualifying for the office. If additional candidates qualify for the office and the votes for the primary will be void for that reason, the clerk of court with whom any of the additional candidates qualified shall immediately publish in the official journal of the parish a notice to the electorate that the election for that office has been voided because new candidates qualified. Such notice shall include the dates for the rescheduled primary and general elections . . .
 (2) If all the votes cast in a primary election for a public office are void because of the death of a candidate, the primary election for the office shall be held on the date of the general election, and the general election for the office shall be held on the fourth Saturday after the primary election.
Our Civil Code directs, "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." C.C. Art. 9. Louisiana Revised Statutes1:3 provides:
 3. Words and phrases; how construed
 Words and phrases shall be read with their context and shall be construed according to the common and approved usage of the language. Technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning.
 The word `shall' is mandatory and word `may' is permissive. (Emphasis added).
The fact that a candidate died after the close of the qualifying period but before the closing of the polls on the primary election date triggered the reopening of qualifying pursuant to R.S. 18:469. The fact that an additional candidate qualified for the office triggered the voiding of all votes for the primary and triggered the rescheduling of the primary and general elections. The law uses the word "shall" for the rescheduling of the primary election to the general election date, which is mandatory. Therefore, our election officials were required to follow the clear language of the law and reschedule the primary election in this matter from October to November.
We understand that the additional candidate who qualified for the office withdrew shortly after the close of qualifying, having the effect of not changing the ballot with regard to the remaining candidates. You have suggested that the purpose of rescheduling the election is to give the additional candidate ample time to campaign for the election, which is logical. The past history of this law leads us to believe that the law was written for at least the purposes of reopening qualifying after a candidate dies and making sure that any votes received for the deceased candidate would be void. Certainly, the withdrawing of the additional candidate shortly after the close of qualifying negates the need for additional campaign time. Nevertheless, the law does not provide for this situation. Our Civil Code provides that "the sources of law are legislation and custom". C.C. Art. 1. Thus, the legislature is the appropriate branch of government to review and address this matter legislatively, if they find it necessary.
We hope this opinion adequately answers your question. If we can be of service in the future, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 ___________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL;mjb